UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL P. KANAAN,

    Plaintiff,                               Case No. 12-11680

v.

                                     Hon. John Corbett O'Meara

MICHAEL A. FALSETTI, *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Before the court is Defendants' motion to stay proceedings or extend time to answer the complaint, filed May 7, 2012. Plaintiff filed a response on May 22, 2012. Defendants submitted a reply on May 29, 2012. Pursuant to L.R. 7.1(f), the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff Daniel P. Kanaan filed his complaint on April 16, 2012, alleging various causes of action for an accounting, breach of fiduciary duty, shareholder oppression, and RICO violations. Kanaan was a forty-percent shareholder in Defendant Advance Communications, Inc., a Michigan telecommunications company. Defendant Michael A. Falsetti was a sixty-percent shareholder. Kanaan alleges that ACI intentionally and fraudulently fabricated financial information in order to obtain letter of credit from PNC Bank. Defendants seek a stay of this action because they anticipate that there will be a criminal investigation involving the same facts.

**LAW AND ANALYSIS**

The court has discretion to stay a civil action pending the outcome of a criminal proceeding. See Securities & Exch. Comm'n v. Dresser, 628 F.2d 1368, 1375 (D.C. Cir. 1980);

Chao v. Fleming, 498 F. Supp.2d 1034, 1037 (W.D. Mich. 2007). Civil and criminal matters that involve closely related facts and proceed simultaneously may give rise to Fifth Amendment concerns. See Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (noting that courts are afforded the discretion to grant a stay "because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case."). Courts consider the following factors when determining whether to grant a stay:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Transworld, 886 F. Supp. at 1139; Fleming, 498 F. Supp.2d at 1037. In general, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Dresser, 628 F.2d at 1375-76. Some courts have recognized, however, that it is "'still possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation." Walsh Secs., Inc. v. Christo Prop. Mgmt., Ltd., 7 F. Supp.2d 523, 527 (D.N.J. 1998).

    This case does not present the type of fact situation in which courts have granted a stay. Not only have none of the Defendants been indicted, but also there is no evidence of an active

parallel criminal investigation.  Under these circumstances, the court is unable to determine the extent to which the issues in the civil and criminal cases overlap, which is perhaps the most important factor in the court's analysis.  See Springsteen v. Garrett, 2012 WL 368276 (E.D. Mich. Feb. 3, 2012) (Duggan, J.) (denying stay where there was no evidence of pending criminal investigation); Fleming, 498 F. Supp.2d at 1039 ("If there is no overlap, then there would be no danger of self-incrimination and no need for a stay.").  Given the uncertainty regarding whether an indictment will issue or whether a criminal investigation is pending, a stay is not appropriate.

The court will, however, grant Defendants' request for a thirty-day extension of time to answer the complaint.

**ORDER**

IT IS HEREBY ORDERED that Defendants' motion to stay proceedings or for an extension of time to answer the complaint is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.  Defendants shall have thirty days from the date of this order to respond to the complaint.

s/John Corbett O'Meara
United States District Judge

Date:  July 10, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 10, 2012, using the ECF system.

s/William Barkholz
Case Manager